UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTRICS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BARRACUDA NETWORKS, INC.,<br><br>    Defendant. | Case No. 17-cv-04977-RS (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 122 |

## I. BACKGROUND

Pending before the Court is the parties' joint letter regarding Plaintiff Optrics, Inc.'s request for the Court to issue letters rogatory to the Court of Queen's Bench, Alberta, Canada. ECF No. 122.[1] Optrics, a Canadian corporation, seeks the letters rogatory for requests for production of documents propounded on it by Defendant Barracuda Networks, Inc. Optrics argues letters rogatory are necessary because it will be required to produce documents "which may be confidential under Canadian law" and Canada does not recognize an order of any foreign tribunal to require such production. Having reviewed the parties' positions, the Court finds the issuance of letters rogatory unnecessary.

---

[1] On October 7, 2019, Magistrate Judge Elizabeth Laporte ordered the parties to meet and confer regarding Plaintiff Optrics, Inc.'s request that the Court issue letters regulatory and submit a joint letter discussing: (1) the parties' position on whether the issuance of letters rogatory is necessary, including a discussion of the relevant legal authorities; (2) the governing legal authority, including substantive Canadian law, regarding the issuance of letters rogatory to Canadian courts; and (3) whether Optrics' proposed letters rogatory comply with the relevant substantive and procedural requirements. ECF No. 119. Discovery was subsequently reassigned to the undersigned.

## II. LEGAL STANDAGE

"Parties may use letters rogatory to 'take evidence from a specific person within the foreign jurisdiction,'" including requests for production of documents. *Viasat, Inc. v. Space Sys./Loral, LLC*, 2014 WL 12577593, at *2-3 (S.D. Cal. June 30, 2014) (quoting *Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 775 (S.D.N.Y. 2010)). Although Canada is not a party to the Hague Convention, the Court finds instructive the Supreme Court's decision in *Societe Nationale Industrielle Aerospatiale v. United States District Court for Southern District of Iowa*, 482 U.S. 522 (1987), as to whether letters rogatory are necessary when discovery involves a foreign corporation that is a party to the case. In *Societe Nationale*, petitioners, two corporations owned by the Republic of France, were sued in the United States District Court for the Southern District of Iowa for injuries related to a plane accident. *Id.* at 524-25. Initial discovery was conducted by both sides pursuant to the Federal Rules of Civil Procedure without objection, but when plaintiffs/respondents served a second set of discovery requests, petitioners filed a motion for a protective order, arguing that because they were French corporations, the discovery sought could only be found in a foreign state and the Hague Convention "dictated the exclusive procedures that must be followed for pretrial discovery." *Id.* at 525-26. In addition, the motion stated that under French penal law, the petitioners could not respond to discovery requests that did not comply with the Convention. *Id.* at 526.

The Supreme Court determined the district court correctly refused to grant the broad protective order petitioners requested, finding that a general rule requiring "first resort to Convention procedures whenever discovery is sought from a foreign litigant" would be "unwise." *Id.* at 542, 547. The Court noted that "[i]n many situations the Letter of Request procedure authorized by the Convention would be unduly time consuming and expensive, as well as less certain to produce needed evidence than direct use of the Federal Rules. A rule of first resort in all cases would therefore be inconsistent with the overriding interest in the 'just, speedy, and inexpensive determination' of litigation in our courts." *Id.* at 542 (quoting Fed. R. Civ. P. 1). Thus, "the Hague Convention did not deprive the District Court of the jurisdiction it otherwise possessed to order a foreign national party before it to produce evidence physically located within

2

a signatory nation." *Id.* at 539-40; *see also Yowie N. Am., Inc. v. Candy Treasure, LLC*, 2013 WL 6061945, at *1 (S.D. Cal. Nov. 14, 2013) ("The Federal Rules of Civil Procedure are the 'normal method[ ] for federal litigation involving foreign national parties unless the optional or supplemental Convention procedures prove to be conducive to discovery.'") (quoting *In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 300 (3d Cir. 2004)). Still, the Supreme Court cautioned that American courts "should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Societe Nationale*, 482 U.S. at 546. A court should "scrutin[ize] in each case . . . the particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective." *Id.* at 544. The Court considers a series of factors in weighing whether foreign laws excuse compliance with discovery requests:

> (1) the importance of the discovery to this litigation, (2) the specificity of the requests, (3) the origin of the information sought, (4) whether alternative means are available to obtain the discovery, (5) the interests of the United States and foreign state, (6) the extent of hardship, and (7) "the extent to which enforcement by action of either state can reasonably be expected to achieve compliance with the rule prescribed by that state."

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 5462496, at *4 (N.D. Cal. Oct. 23, 2014) (citing *Societe Nationale*, 482 U.S. at 544 n.28; *United States v. Vetco Inc.*, 691 F.2d 1281, 1287 (9th Cir. 1981)).

### III. DISCUSSION

Given the Supreme Court's guidance, the Court finds resort to the letters rogatory procedure is unnecessary. As a preliminary matter, there appears to be no dispute that the information sought originated in Canada, which weighs in favor of granting Optrics' request. However, the remaining factors weigh against requiring letters rogatory. First, Optrics chose to bring its lawsuit in the United States, thus subjecting it to the procedural rules of this Court. Unlike the cases Optrics cites in its portion of the letter brief, this is not a situation in which Barracuda seeks discovery from a foreign nonparty. As such, it is unclear why the Court should grant this request, where letters rogatory would likely be more time consuming and expensive, as well as less certain to produce the discovery Barracuda seeks.

3

Second, Judge Laporte has already determined the requests are relevant and ordered Optrics, on multiple occasions, to produce the requested documents. *See* ECF Nos. 91, 97, 102, 114. Where the evidence is directly relevant, courts have found the importance of the documents factor to weigh in favor of disclosure. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992) (citing *Vetco*, 691 F.2d at 1290). Optrics has failed to show the requested discovery is irrelevant or that it is unnecessary or unduly burdensome, and there is no evidence that the evidence sought is cumulative. *See In re Cathode Ray Tube*, 2014 WL 5462496, at *5 ("Courts are often more likely to heed a foreign state's concerns . . . if the evidence sought is cumulative[.]") (citing *Richmark*, 959 F.2d at 1475); *In re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078, 1081 (N.D. Cal. 2007)).

Third, the national interests of the United States are at play. This is a case alleging violations of United States trademark laws, which the United States has a compelling interest in enforcing. *Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107-08 (2d Cir. 2000); *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 930 (N.D. Ill. 2019); *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 339 (S.D.N.Y. 2018). Even if Optrics argues that Canada's interest in enforcing its confidentiality laws outweighs this interest, "'[i]t is well settled that [foreign] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence, even though the act of production may violate that statute.'" *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 2018 WL 745994, at *2 (S.D.N.Y. Feb. 6, 2018) (quoting *Societe National* at 544 n.29). Further, Optrics' choice to bring this lawsuit in the United States also limits the force of any argument regarding Canada's national interest. *See Nike*, 349 F. Supp. 3d at 339 ("the Banks' choice to do business in the state of New York and 'avail[ ] [themselves] of the myriad benefits that come with establishing a presence in the United States' premier financial center' also limit the force of the Banks' arguments here regarding China's national interest"). Having chosen to bring this lawsuit here, Optrics cannot hide behind Canadian confidentiality laws as a shield against its discovery obligations.

Fourth, although the letters rogatory procedure may provide an alternative means through which Barracuda could obtain this information, discovery closes on December 1 and it is not clear

4

how long that process would take. Barracuda propounded the subject discovery seven months ago and, as noted above, Judge Laporte ordered Optics to complete its production multiple times.

Finally, as to the extent of hardship, Optrics fails to establish how production under this Court's discovery rules would cause it to violate Canadian law. Although Optrics argues it will be required to produce documents which "may be confidential under Canadian law," Jt. Ltr. at 2, it fails to explain why the protective order already in place does not provide adequate protection. *See* Protective Order, ECF No. 81. Optrics maintains the requested documents include sensitive and confidential information that it believes "could be used to compromise security of the networks or computer systems of the corporations or entities that provided the information, so the information must be kept confidential as it could be misused if it fell into the wrong hands." Swanson Decl. ¶ 18, ECF No. 122-1. But it fails to explain why the protective order prevents such information from falling into "the wrong hands," given that any material Barracuda receives may be used "only for prosecuting, defending, or attempting to settle this action." Protective Order ¶ 6.1. Optrics fails to show how such a potential compromise outweighs Barracuda's interest in obtaining this discovery. Optrics also maintains the information may include information about identifiable individuals, such as a personal credit card number or home billing address used by an individual. Swanson Decl. ¶ 21. But such information could easily be redacted.

## IV.   CONCLUSION

Having considered the relevant factors, the Court finds they weigh in favor of permitting discovery to go forward pursuant to the Federal Rules of Civil Procedure. Accordingly, Optrics' request is **DENIED**. The Court **ORDERS** Optrics to produce all remaining responsive documents to Barracuda's First Set of Requests for the Production of Documents by November 7, 2019.

**IT IS SO ORDERED.**

Dated: October 25, 2019

THOMAS S. HIXSON
United States Magistrate Judge