UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTRICS INC, <br>     Plaintiff, <br> v. <br> BARRACUDA NETWORKS INC., <br>     Defendant. | Case No. 17-cv-04977-RS (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 130 |

Optrics attempted to serve a deposition subpoena on Barracuda's lead trial counsel, Karineh Khachatourian, which Barracuda now moves to quash. Leaving aside service of process issues, the parties agree on the substantive legal standard that applies when you want to depose opposing counsel: Optrics must establish "(1) the desired information cannot be obtained by any other means; (2) the desired information is relevant and non-privileged; and (3) the desired information is crucial to the preparation of the case." *Fausto v. Credigy Servs. Corp.*, 2008 WL 4793467, *1 (N.D. Cal. Nov. 3, 2008) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)).

Optrics says Khachatourian had telephone conversations with a company called j2 concerning the latter's alleged purchase of CudaMail. Optrics also says Khachatourian had a call with Optrics itself about the same issues. Optrics wants to ask her about those conversations, including what she and Barracuda knew about the CudaMail issues and what she learned from those conversations. The content of the conversations Khachatourian had with j2 and Optrics fails the first prong of the *Shelton* test because j2 and Optrics itself were parties to those conversations so can testify as to what was said; Optrics does not need to depose Khachatourian to learn that. As for what Khachatourian learned from or thought or understood about those conversations, and

what she discussed with Barracuda, that all fails the second prong because it's work product and attorney-client privileged.  The October 31, 2019 telephonic hearing is **VACATED**, and Optrics' deposition subpoena is **QUASHED**.

**IT IS SO ORDERED.**

Dated: October 25, 2019

THOMAS S. HIXSON
United States Magistrate Judge