UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OPTRICS INC,

    Plaintiff,

v.

BARRACUDA NETWORKS INC,

    Defendant.

Case No. 17-cv-04977-RS (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 158, 159, 161, 163, 164, 165, 169, 174, 176, 177

The Court had a telephonic hearing this morning concerning a number of discovery letter briefs. This order follows.

**A.    ECF No. 158: Barracuda's RFAs to Optrics**

RFA 13. Federal Rule of Civil Procedure 36(a)(4) states that "[a] denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." So, it's fine for Optrics to deny that it withdrew a "registration" for something it never had a registration for, but Optrics still has to admit the remainder of the RFA, which asks Optrics to admit that it withdrew class 9 from the trademark application.

Likewise, for RFA 16, Optrics can deny that the transfer was "back" to Barracuda, but still must admit or deny as to whether there was a transfer.

For RFA 17, Optrics doesn't have to admit something just because its CEO said it in an email. Maybe the CEO was being insincere. Indeed, the tenor of the email suggests that Barracuda itself was skeptical of the CEO's characterization of the reason for registering the domain.

RFAs 22 and 40. The documents don't establish that these things are true such that Optrics

would need to admit them. And for RFA 45, again, just because someone said something in an email doesn't mean it actually happened. A formal record of a vote might be a different situation, but one sentence in a long email could be a mistake or a misstatement of fact.

For RFA 30, Optrics is free to deny the words "negotiations" and "transfer" and instead call it all extortion, but the thrust of the RFA is whether Optrics was represented by counsel during this time, and Optrics must admit or deny that. For RFA 34, just because Optrics is unsure if McDonald reviewed the entire agreement doesn't mean Optrics can do an outright denial. If McDonald reviewed part of the agreement, Optrics must admit that, and if it is reasonably clear which parts are among those he reviewed (such as clause 14.13 and section 3.8), it must admit that.

Optrics' response to RFA 71 doesn't make sense. OI00908803 appears to have been produced by Optrics, and it provides sufficient information to admit or deny. The email contains the words "they have been truly professional," so unless the subject matter of the email is really about something else entirely, there is no justification for a flat-out denial. Grammatically, "they" seems to refer to Britt and Sophia, so if it is truthful that the comment was directed only to them, Optrics can admit that.

The Court sustains Optrics' relevance objections to RFAs 52 and 53.

The Court orders Optrics to serve amended responses to RFAs 13, 16, 30, 34 and 71 within seven days.

**B.    ECF No. 159: Barracuda's RFPs, Interrogatories and Deposition Notices to Optrics**

RFP 74. Barracuda stated at the hearing that this RFP is no longer in dispute.

RFP 89. The Court orders Optrics to file a status report on this RFP within seven days.

RFP 90. The Court orders Optrics to file a status report on this RFP within seven days.

RFP 93. The Court orders Optrics to produce all responsive documents. If it has nothing responsive, it must serve an amended response saying so.

RFP 69. The Court orders Optrics to produce all responsive documents. If it has nothing responsive, it must serve an amended response saying so.

RFP 73. The Court orders Optrics to produce responsive documents.

RFP 75. Optrics says it has no way to track this. Barracuda doesn't know for sure if that's true. The Court orders Optrics to serve a declaration in compliance with ECF No. 114 ¶ 3 concerning the non-existence of this information.

RFP 76. The Court orders Optrics to produce responsive documents that are within its possession, custody or control. If Optrics has nothing responsive, it must say so in an amended response.

RFP 78. Barracuda stated at the hearing that this RFP is no longer in dispute.

RFP 88. The Court orders Optrics to produce responsive documents.

RFP 92. The Court orders Optrics to produce responsive documents.

RFP 81. The issue in dispute was clarified at the hearing. Barracuda's concern is that the payments might have been made out to Wolfpaw, Dale Corse's company, and not to him directly, so a term search limited to Corse's name might not turn up responsive documents. The Court agrees that a document otherwise responsive to RFP 81 does not become unresponsive simply because the payee was Wolfpaw. With that understanding, the Court orders Optrics to produce responsive documents.

RFPs 82, 83, 84, 86. The Court orders Optrics to serve a declaration in compliance with ECF No. 114 ¶ 3 concerning the non-existence of these documents.

Interrogatories 8-21. The Court orders Optrics to amend its responses to these interrogatories within 14 days.

Damages 30(b)(6) depo. The Court orders the parties to meet and confer concerning the timing and scope of this deposition. If they cannot agree, they must file a joint discovery letter brief within seven days.

Document custodian 30(b)(6) depo. The Court previously ordered that "Defendant is permitted to take an IT/custodian of records deposition of Plaintiff that will not count towards its deposition limits as soon as possible. The scope of this deposition will be limited to the maintenance, preservation, searching and culling, collection, review, and production of documents responsive to Defendant's discovery requests." ECF No. 102 ¶ 2. Barracuda contends that the designated Rule 30(b)(6) witnesses were unprepared to answer basic questions. Barracuda

provides excerpts of testimony from Bording Ostergaard and Blair Zingle in support of this argument.

Several of the questions to Ostergaard concern his recollection of what specifically he discussed with others during his deposition preparation. For example, Barracuda has a line of questioning about whether Ostergaard discussed specific RFPs with Zingle, and the general tenor of his responses is that he probably did but doesn't recall at that level of detail. That line of questioning isn't worth another deposition. It doesn't have anything to do with the substantive topics of the deposition. The questions about Ostergaard's search of his own Gmail account likewise don't warrant another deposition. His answers were largely complete, and his inability to recall whether he used search terms seems hard to remedy.

Zingle's inability to recall the exact date Optrics provided the MailStore database to Heuristica is not problematic since he did remember approximately when that happened. It is unsurprising that Zingle did not memorize all of the search terms that Optrics used to search for documents; even a Rule 30(b)(6) deposition has to be subject to the limits of human memory. Nonetheless, the failure of Optrics to provide those search terms significantly impairs the value of that deposition and thwarts the purpose of the Court's order. Accordingly, the Court orders Optrics to provide Barracuda with the search terms it used.

However, Bording's lack of knowledge about whether any other Optrics employees use Gmail accounts to conduct Optrics' business is a clear failure of deposition preparation that substantively impeded the value of that deposition. Also, Bording and Zingle's contradictory testimony about what Optrics did to respond to RFP 3, and whether preservation notices were sent to employees, leaves those topics effectively unanswered. Further, the witnesses' lack of knowledge about what, if anything, was done to collect Eudora email, what backup or deletion policies Optrics has, who was responsible for searching the network drive, MailStore and other communication sources and whether they did so reflects a lack of investigation. With respect to Heuristica, it appears they are (or were) acting as both legal counsel and an e-discovery vendor. The Court declines to compel Optrics to disclose the content of its communications with Heuristica but does compel Optrics to disclose what Heuristica did in terms of document

4

collection, review and production.

The Court orders a renewed Rule 30(b)(6) deposition of Optrics within the parameters just described.

## C. ECF No. 161: Optrics' RFPs to Barracuda

Optrics is right that Barracuda's responses to RFPs 1-14, 16-31, 62 and 86 are defective and violate Federal Rule of Civil Procedure 34(b)(2)(C), which states: "An objection must state whether any responsive materials are being withheld on the basis of that objection." Barracuda's responses to RFPs 1-9, 11, 13-14, 16-31, 62 and 86 do not state what Barracuda is producing and what it is withholding. Responding to an RFP merely by offering to meet and confer does not comply with Rule 34. Barracuda's response to RFP 12 suggests no documents are forthcoming but stops short of actually saying so. The amended response to RFP 10 is better but still insufficient because Barracuda says it will produce "relevant documents . . . in accordance with the proportionality standards" in the Federal Rules. Parroting the language of Rule 26 is not good enough because it does not tell Optrics what Barracuda is agreeing to produce.

The Court orders Barracuda to amend its RFP responses within seven days to state what it is producing and not producing in response to each RFP. Because the Court cannot tell what, if anything, Barracuda has agreed to produce for these RFPs, it cannot opine at this time on whether the production is sufficient.

## D. ECF No. 165: Optrics' Deposition Notices

The Court orders the parties to meet and confer on the scope and timing of the Rule 30(b)(6) deposition. If they cannot agree, they must file a joint discovery letter brief within seven days.

At the hearing the parties agreed that Diane Honda's deposition will be limited to half a day, i.e., three and a half hours of record time.

Optrics reports that it is still attempting to serve non-parties Stephen Pao and Dean Drako with subpoenas. Barracuda's counsel stated she does not represent them.

The Court orders the parties to meet and confer regarding the scheduling of Ezra Hookano and Michael Perone's depositions. If they cannot agree, they must file a joint discovery letter brief

within seven days.

**E.     ECF No. 169:  Barracuda's Motion to Seal**

Barracuda's motion to seal is denied.  With respect to J2-014221, notwithstanding the Papazian declaration, the document does not merit sealing.  With respect to the remaining documents, Optrics did not file a supporting declaration by the deadline.

**IT IS SO ORDERED.**

Dated: January 14, 2020

THOMAS S. HIXSON
United States Magistrate Judge