UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTRICS INC,<br>        Plaintiff,<br>    v.<br>BARRACUDA NETWORKS INC,<br>        Defendant. | Case No. 17-cv-04977-RS (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 192 |

With respect to the scheduling of depositions, ECF No. 192 makes clear that Optrics is not taking the February 20, 2020 fact discovery cutoff seriously. Optrics has expressed the view that the undersigned can order depositions to be taken after the close of fact discovery.

So that Optrics understands how the close of fact discovery works, here is the deal: Judge Seeborg has set February 20, 2020 as the close of fact discovery. ECF No. 167. Civil Local Rule 37-3 says in relevant part:

> Where the Court has set separate deadlines for fact and expert discovery, no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off, and no motions to compel expert discovery may be filed more than 7 days after the expert discovery cut-off.

Since motions to compel (which here must take the form of joint discovery letter briefs) can be filed up to seven days after the close of fact discovery, and since depositions are a type of discovery that might be compelled, it logically follows that the Court may order depositions to take place after the close of fact discovery. However, the undersigned may do this only *on a motion to compel*. A motion to compel is when you asked for something in discovery, and the other side didn't give it to you. For example, if you noticed a deposition and the other side refused to produce the witness, or refused to give you any reasonable dates for the deposition, then you

can file a motion to compel.  But if you notice a deposition, the other side gives you reasonable dates, and *you* are too busy with your other cases to bother taking the deposition, then you don't have a motion to compel (or at least not a good one).  There is nothing to compel, as the witness was available during fact discovery.

Optrics should do everything it can to take depositions by the close of fact discovery.  And Barracuda should do everything it can to offer multiple reasonable dates for its witnesses.  If fact discovery closes and Optrics moves to compel depositions, Optrics will need to show that it diligently pursued the requested discovery and that Barracuda did not reasonably make the witnesses available.  Being too busy to do work on this case does not constitute diligence.

The Court has a discovery telephone conference scheduled for January 29, 2020, during which we will discuss the status of the depositions mentioned in ECF No. 192 and the 30(b)(6) deposition discussed in ECF Nos. 189 and 195, as well as any other discovery maters requiring attention.

**IT IS SO ORDERED.**

Dated: January 23, 2020

THOMAS S. HIXSON
United States Magistrate Judge