1
2
3          UNITED STATES DISTRICT COURT
4          NORTHERN DISTRICT OF CALIFORNIA
5
6   OPTRICS INC,                              Case No. 17-cv-04977-RS   (TSH)
7              Plaintiff,
8          v.                                 **DISCOVERY ORDER**
                                              Re: Dkt. Nos. 205, 206
9   BARRACUDA NETWORKS INC,
10             Defendant.
11
12         The Court held a telephonic hearing yesterday on the letter briefs, ECF Nos. 205 & 206,

13   concerning Barracuda's contention that Optrics is in violation of the Court's discovery orders at

14   ECF Nos. 114 and 180.  This order follows.

15         With respect to ECF No. 114, Optrics is in violation of paragraph 2.  Optrics was supposed

16   to serve a privilege log by October 15, 2019 "absent compelling circumstances demonstrated by a

17   declaration(s) under penalty of perjury after meeting and conferring regarding any limited and

18   necessary extension."  As of today, Optrics has still not served the log.  Optrics is now way past

19   any "limited" extension, there are no declarations substantiating the delay, and the circumstances

20   could not be any less compelling.  The long and short of it is that Optrics unjustifiably delayed

21   providing documents to its ediscovery counsel at Heuristica, who have not completed privilege

22   review and who for the most part have stopped working for Optrics.  At the hearing, Optrics was

23   unwilling to predict when it will produce the privilege log it was supposed to produce four months

24   ago.  The Court declines to issue another order telling Optrics to comply with the previous order.

25   The previous order was already an order.  This Court's Discovery Standing Order states that "[n]o

26   motion for sanctions may be filed until after the moving party has complied with the requirements

27   above," concerning discovery letter briefs.  "Motions for sanctions shall be filed separately,

28   pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-4."  Barracuda has exhausted the

discovery letter brief procedure and may now proceed to move for sanctions.

Paragraph 3 of ECF No. 114 required Optrics to serve a declaration within one week of substantially completing various items of document production explaining what steps were taken to locate responsive documents and why any responsive documents do not exist. Because Optrics does not know if it has substantially completed any of those productions, it has not served the required declarations, utterly defeating the purpose of paragraph 3 of the order. Under the Court's Discovery Standing Order, Barracuda may now move for sanctions.

The situation is not as bad with respect to ECF No. 180. For any discovery responses the Court ordered Optrics to amend, if Barracuda believes the amendment is insufficient it may file a joint discovery letter brief. For any RFPs where Optrics says it has completed its document productions and Barracuda thinks responsive documents are missing, Barracuda may submit a joint discovery letter brief with exhibits to show there is reason to believe responsive documents are missing. For the declaration on RFPs 75, 82, 83, 84 and 86 (ECF No. 205-2), it's not good enough because it doesn't state for any of the RFPs "what steps were taken to locate responsive documents." The Court orders Optrics to serve an amended declaration that contains this information.

With respect to the damages 30(b)(6) deposition, the Court is persuaded that doing this by video is unwieldy given the number of exhibits Barracuda plans to use. The Court's general view is that for a witness being deposed in an individual capacity, the lawyers should usually go to the witness. However, a Rule 30(b)(6) witness is someone being put up in a corporate capacity by the company, and the company can choose who it is. Here, it is appropriate to require the 30(b)(6) witness to be deposed where the case is venued rather than in Canada where he resides. The Court therefore orders Mr. Young to travel to the Bay Area for this deposition.

**IT IS SO ORDERED.**

Dated: February 7, 2020

THOMAS S. HIXSON
United States Magistrate Judge