Herbert L. Terreri (SBN 169815)
bert@terrerilaw.com
Grace R. Neibaron (SBN 276128)
grace@neibaronlaw.com
The Law Offices of Herbert L. Terreri,
A Professional Corporation
235 Foss Creek Circle
Healdsburg, CA 95448
Tel: (707) 431-1933
Fax: (707) 431-2769

Former Attorneys for Plaintiff
OPTRICS INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| OPTRICS INC., <br><br>                 Plaintiff, <br><br>          v. <br><br> BARRACUDA NETWORKS, INC., a Delaware Corporation, and DOES 1 through 10, inclusive, <br><br>                 Defendant. | Case No. 17-cv-04977-RS <br><br> **NEIBARON'S LIMITED OPPOSITION TO BARACUDA NETWORKS, INC.'S MOTION FOR SANCTIONS** <br><br> Date: June 18, 2020 <br> Time: 10:00AM <br> Dept.: Courtroom G-15th Floor <br> Judge: Hon. Magistrate Thomas S. Hixson |

1

## <u>TABLE OF CONTENTS</u>

2

MEMORANDUM OF POINTS AND AUTHORITIES

3

I.      INTRODUCTION…………………………………………………………………1

4

II.     ARGUMENTS……………………………………………………..……2

5

    a.   Subpoena of Thoma Bravo…………………………………………………3

    b.   Subpoena of Karineh Khachatourian…………………...………………………3, 4

6

III.    CONCLUSION…………………….………………………………………..4

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
**TABLE OF AUTHORITIES**

4
**Cases**                                                                **Page(s)**

5
*Primus Auto. Fin. Servs., Inc. v. Batarse*,
115 F.3d 644 (9th Cir.1997)………………………….…………………………………2
6

*Leon v. IDX Sys. Corp.*,
7
464 F.3d 951 (9th Cir.2006) )……………………………………………………………2

8
*Mount Hope Church v. Bash Back!* ……………………………………...……2, 3
9
705 F.3d 418 (9th Cir. 2012)

10
**Other Authorities**

11
Fed. R. Civ. P. 45……………………………………………………………...2, 3

12
Rule 26(g)………………………………………………………………...………4
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2                    **MEMORANDUM OF POINTS AND AUTHORITIES**

3    **I.      INTRODUCTION**

4            Grace R. Neibaron ("Neibaron") was counsel for Plaintiff Optrics Inc. ("Optrics") in the

5    above referenced proceeding until February 28, 2020 when Judge Seeborg issued an order

6    granting Terreri and Neibaron's motion to withdraw (ECF No. 241). The order provided that "the

7    motion to withdraw is granted, subject to the various conditions". (ECF No. 241 at p. 7). The

8    relevant conditions here are (1) "Terreri and Neibaron are ordered to appear at and participate in

9    the motion for sanctions including filing an opposition brief addressing the allegations against

10   themselves as counsel"; and "Optrics' may elect to allow Terreri and Neibaron to remain as

11   Optrics' counsel for the limited purpose of representing it at the motion for sanctions. Otherwise,

12   Optrics must appear through substitute counsel." (ECF No. 241 at pp. 5-6).

13           As to the second condition, Optrics' retained attorney Chris Kao ("Kao"), who filed a

14   Notice of Appearance on April 13, 2020 to represent Optrics in this proceeding. (ECF. 258).

15   Terreri and Neibaron are informed by Kao that he is representing Optrics in this motion for

16   sanctions. (HLT Dec. ¶ 2). As such, this opposition will not address the allegations against

17   Optrics.

18           As to the first condition, this Opposition is limited to the allegations against Neibaron.

19   Terreri is filing a separate opposition to address the allegations against Terreri.

20           Neibaron cannot address many of the allegations relating to e-discovery because Neibaron

21   had limited involvement in the advising and participating in the e-discovery process on behalf of

22   Optrics. Neibaron did not draft or participate in the myriad of discovery letters, status updates and

23   hearings before the magistrate on the e-discovery issues except for the limited purpose of covering

24   for Terreri when he was on vacation. For example, Neibaron prepared Plaintiff's Ex Parte

25   Application to Extend Time on August 13, 2019 while Terreri was on vacation. Terreri and

26   Optrics will be opposing the Motion for Sanctions on these issues.

27           Neibaron was directly involved in preparing the deposition subpoenas to Thoma Bravo and

28   Karineh Khachatourian. As such, Neibaron will address why Barracuda Networks Inc. (BNI) is

1

1   not entitled to attorney fees or sanctions.

2       **II.    ARGUMENTS**

3       BNI is requesting monetary sanctions, under Rule 37(b)(2)(C) and under the Court's

4   inherent powers.  (BNI Motion 23:17-21). Under its "inherent powers," a district court may also

5   award sanctions in the form of attorneys' fees against a party or counsel who acts "in bad faith,

6   vexatiously, wantonly, or for oppressive reasons." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115

7   F.3d 644, 648 (9th Cir.1997). Before awarding sanctions pursuant to its inherent power, "the court

8   must make an express finding that the sanctioned party's behavior 'constituted or was tantamount

9   to bad faith.' " *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir.2006).  Rule 37 provides,

10  instead of or in addition to the orders above, the court must order the disobedient party, the

11  attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

12  caused by the failure, unless the failure was substantially justified or other circumstances make an

13  award of expenses unjust.

14      Pursuant to Fed. R. Civ. P. 45, "A party or attorney responsible for issuing and serving a

15  subpoena must take reasonable steps to avoid imposing *undue burden* or expense on a person

16  subject to the subpoena." (emphasis added). "The issuing court must enforce this duty and impose

17  an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a

18  party or attorney who fails to comply." *Id.* Sanctions for issuing a subpoena are in no way

19  supported merely because a party advocated a position in seeking discovery that lost in the end.

20  *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012). The scope of permissible

21  sanctions under Rule 45(c)(1) should not be so broad as to chill or deter the vigorous advocacy on

22  which our civil justice system depends. *Id* at 429 – 430.

23      In *Mount Hope Church,* the court held that the party that obtained a subpoena seeking the

24  names of seven unknown protest participants, though quashed, did not impose and undue burden

25  on the person subject to the subpoena because the subpoena was narrowly tailored and in good

26  faith. *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012).

27

28

### a. Subpoena of Thoma Bravo

The subpoena of Thoma Bravo was made in good faith and narrowly tailored. Thoma Bravo purchased BNI in 2017. (https://www.thomabravo.com/press-releases/thoma-bravo-completes-acquisition-of-barracuda). During the negotiated purchase, BNI made several disclosures regarding its intellectual property relevant to several factual and legal issues surrounding Optrics' termination and ownership of its intellectual property. ( https://www.thomabravo.com/press-releases/barracuda-agrees-to-be-acquired-by-thoma-bravo-for-1.6-billion). Thoma Bravo's counsel, Karineh Khachatourian, after meeting and conferring with Optrics' counsel, Neibaron asserted that Thoma Bravo does not have any information on the noticed deposition topics that BNI does not have. (ECF 141 at p. 2). Based on this assertion, Optrics agreed to withdraw its subpoena without prejudice, such that Optrics had the option to later depose Thoma Bravo if the information provided by BNI was insufficient. (ECF 141 at p. 2).

"The advisory committee's notes to another clause of Federal Rule of Civil Procedure 45 also support our reading of "undue burden." In explaining the same language in section (c)(3)(A)(iv), the advisory committee stated that 'it might be an undue burden to compel an adversary to attend trial as a witness if [they] are known to have no personal knowledge of matters in dispute, especially if [they] would be required to incur substantial travel burdens.'" *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 427–28 (9th Cir. 2012) citing Fed.R.Civ.P. 45(c)(3)(A)(iv) advisory committee's note.

Here, Thoma Bravo had personal knowledge of the matters, its office is located in San Francisco where this Court is located, and its counsel is BNI's counsel, Khachatourian familiar with all of the topics in the Subpoena. There was no undue burden.

### b. Subpoena of Karineh Khachatourian

The subpoena of Karineh Khachatourian ("Khachatourian") was made in good faith and narrowly tailored. "Given that the 'undue burden' language is limited to harms inflicted by complying with the subpoena, it follows that other Rule 26(g) duties, acting consistent with existing law or with good reason to change it and absent bad faith, relate to the subpoena process and not to the adjudication of related follow-on issues, such as whether the subpoenaed

3

1   information is potentially protected by a privilege. *Mount Hope Church v. Bash Back!*, 705 F.3d

2   418, 428 (9th Cir. 2012). Optrics sought the deposition of Khachatourian was narrow in that

3   Optrics requested only a limited amount of information that was easily accessible by

4   Khachatourian. Khachatourian prior to the start of this litigation, acted as a fact finder in

5   communications with j2's counsel. Optrics sought to depose her to determine what BNI knew, i.e.,

6   what Khachatourian communicated to BNI regarding the alleged sale of the CudaMail trademark

7   and services to j2 by Optrics. (ECF 130 at p. 5). The request was made in good faith because the

8   information was arguably non-privileged and could not accurately be obtained from another

9   source. (ECF 130 at pp. 5-6). Though the Court ruled that the information from the calls could be

10  obtained from the other person on the telephone, the testimony as to what one said is different than

11  what one heard. (ECF 137). Moreover, this information was relevant to the 2017 termination of

12  Optrics as a reseller by BNI and attempt to steal Optrics' intellectual property. (ECF 130 at p. 5).

13       Though, Optrics' deposition subpoena of Khachatourian was quashed there was no undue

14  burden to BNI because it was made in good faith and narrowly tailored. As such, under Rule 45

15  BNI is not entitled to sanctions.

16       Neibaron did not act in bad faith in advising to subpoena the depositions of Khachatourian

17  and Thoma Bravo because there was no undue burden.

18  **III.    CONCLUSION**

19       For the forgoing reasons, Neibaron respectfully requests that the Court deny BNI's Motion

20  for Sanction against Neibaron.

4

1

2

Dated:  May 21, 2020

LAW OFFICES OF HERBERT L. TERRERI,
APC

3

4

By:   */s/Grace R. Neibaron*

Grace Neibaron

5

6

Former Attorney for Plaintiff,
OPTRICS INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5