UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTRICS INC,<br><br>    Plaintiff,<br><br>v.<br><br>BARRACUDA NETWORKS INC,<br><br>    Defendant. | Case No. 17-cv-04977-RS   (TSH)<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 232, 285, 296 |

Before the Court are three motions to file under seal:

(1) Barracuda's February 25, 2020 Administrative Motion to File Under Seal documents that it filed in connection with its pending Motion for Sanctions (the "Sanctions Motion"), ECF No. 232;

(2) Optrics' May 21, 2020 Administrative Motion to File Under Seal documents that it filed in connection with its Opposition to the Sanctions Motion (the "Opposition"), ECF No. 285; and

(3) Barracuda's June 4, 2020 Administrative Motion to File Under Seal documents that it filed in connection with its Reply in support of the Sanctions Motion (the "Reply"), ECF No. 296.

The Court will proceed to discuss each motion in turn.

**A.    Barracuda's February 25 Motion**

In Barracuda's first motion to seal, it seeks to file under seal materials that it believes Optrics or its non-party e-vendor CloudNine Discovery designated as either "Highly Confidential – Attorneys' Eyes Only" or "Confidential" under the Protective Order in this case.

Under the Local Rules of this District, where a party seeks to file under seal any material

designated as confidential by another party or a non-party, "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated information is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." *Id.* at 79-5(e)(2).

To date, neither Optrics nor CloudNine has filed a responsive declaration to Barracuda's February 25 motion. Accordingly, Barracuda's first motion to file under seal is **DENIED**, and Barracuda is **DIRECTED** to file in the public record the above-referenced documents no earlier than June 20 and no later than June 24, 2020.

**B.      Optrics' May 21 Motion**

In Optrics' motion to seal, Optrics seeks to file under seal portions of its Opposition and the declaration of Bording Ostergaard in support of its Opposition. *See* ECF No. 285. It asserts that the excerpts contain information designated as confidential by Barracuda and that Barracuda requested that Optrics file the information under seal. *See* Decl. of A. Hamill, ECF No. 285-2. Barracuda filed a declaration, as required by subsection 79-5(d)(1)(A), asserting the bases for sealing most of the portions Optrics seeks to seal. *See* Karineh Khachatourian Decl., ECF No. 290. Barracuda does not, however, request sealing of footnote 1 of Optrics' Opposition. *Id.*

For non-dispositive motions such as the Sanctions Motion, only good cause needs to be shown for filing a document under seal. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). Courts in this district have found that good cause exists to seal confidential business information. *See, e.g.*, *Oracle USA, Inc. v. SAP AG*, 2009 U.S. Dist. LEXIS 71365, at *4-5 (N.D. Cal. Aug. 12, 2009) (granting motion to seal where moving party "considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary" and where "public disclosure of such information would create a risk of significant competitive injury and particularized harm

1  and prejudice") (citing *Phillips v. General Motors Corp.*, 307 F. 3d 1206, 1211 (9th Cir. 2006)).
2  Optrics' sealing motion for the most part relates to material containing confidential business
3  information and the motion is narrowly tailored, and as regards to that material sealing is
4  appropriate. However, footnote 1 of the Opposition does not contain confidential business
5  information or information that if disclosed would create a risk of harm to either party; the
6  substance of that text is factual allegations going to the merits of the trademark dispute between
7  the parties. Accordingly, Optrics' sealing motion is **GRANTED** in part and **DENIED** in part.
8  Optrics **SHALL** file a revised redacted version of its Opposition by June 23, 2020, leaving
9  unredacted footnote 1 of the Opposition.

### C. Barracuda's June 4 Motion

Barracuda's second motion to seal relates to portions of Barracuda's Reply as well as exhibits to the reply declaration of Barracuda's counsel, Karineh Khachatourian. *See* ECF No. 296. Barracuda seeks to file under seal materials that it believes Optrics or third-party j2 Global have designated as either "Highly Confidential – Attorneys' Eyes Only" or "Confidential" under the protective order in this case. Decl. of Nikolaus A. Woloszczuk ¶¶ 2, 3, ECF No. 296-1. Barracuda has no confidentiality interest in the exhibits or Reply excerpts, nor does it request that any of it be sealed.

Optrics' counsel filed a declaration stating that Optrics does not support sealing the portions of the Reply or the exhibit which Barracuda linked to it. Decl. of Andrew G. Hamill ¶ 3, ECF No. 300. j2's counsel filed a declaration on behalf of j2 stating that j2 is unaware of any confidential information in the Reply at the page and line numbers cited by Barracuda. Decl. of Steve Paparzian ¶ 3, ECF No. 302. However, j2 did assert that Exhibit 7 to the Khachatourian reply declaration contains confidential information. *Id.* ¶ 4. Specifically, it asserts that this document "contains an internal, confidential email discussion regarding IT infrastructure that, if made publicly available, would create a risk of significant competitive injury and/or harm, including by disclosing sensitive details to potential third parties who could use this information to hack and/or otherwise harm J2's IT infrastructure." *Id.* And according to j2, it produced the exhibit pursuant to a subpoena issued by Barracuda and authorized by a magistrate judge in the

3

Central District of California on the condition that the documents be produced pursuant to a protective order in that case. *Ibid.* Since those documents were produced under a protective order in another case, there is good cause for that document to be filed under the seal. *See Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."). The rest of the documents do not warrant sealing. Accordingly, Barracuda's second sealing motion is sealing motion is **GRANTED** in part and **DENIED** in part. Barracuda **SHALL** file an unredacted version of its Reply and unredacted Exhibit 2 to Khachatourian's declaration by June 23, 2020. Exhibit 7 shall remain under seal.

**IT IS SO ORDERED.**

Dated: June 16, 2020

THOMAS S. HIXSON
United States Magistrate Judge